Request of Senate,
No. 4591.

OPINION OF THE JUSTICES.

Submitted May 15, 1957.

Answer returned May 23, 1957.

The following answer was returned:

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answers to the questions contained in your resolution filed May 3, 1957, with reference to Senate Bill No. 98, entitled "An Act providing that each town and ward shall have representation in the house of representatives at each session of the legislature." The bill would amend RSA 66:5 and 6, to provide that the "basis for the apportionment of representatives" as provided in RSA ch. 66, "is that of one representative from any town or ward having one thousand five hundred or less inhabitants," (*s.* 1) and that the Legislature shall at its session next after any general census "make provision that all towns and wards . . . having a population of less than one thousand five hundred inhabitants shall be entitled to one representative for each session of the general court." *S.* 2.

Your first inquiry is whether the provisions of the bill "violate the provisions of Articles 9 and 11 of Part 2 of the Constitution of this state." It is our opinion that the bill if enacted would violate the Articles specified.

Prior to 1942, *Art.* 9th, Part II, of the Constitution provided that each town or ward having six hundred inhabitants might elect one representative, and that twelve hundred inhabitants should be the "mean increasing number for every additional representative." At the same time *Art.* 11th provided that any town or place having less than six hundred inhabitants should be entitled to a representative "such proportionate part of the time, as the number of its inhabitants shall bear to six hundred."

In 1942, however, Articles 9th and 11th were amended in accordance with proposals submitted by the Constitutional Convention of 1941, so as to limit the size of the House of Representatives to "not less than three hundred seventy-five or more than four hundred." Const., Pt. II, *Art.* 9th. See 28 N. H. Manual for the General Court

(1943) 429, 430. Pursuant to other changes then made in Article 9th, the Constitution now further provides that every ten years after 1951 the Legislature shall make an apportionment of representatives so that the "number of inhabitants necessary to entitle any town or ward to representatives additional to the first shall be for each additional representative twice the number of inhabitants required for the first representative . . . . "

Article 11th was also amended in 1942 so that it now provides that the Legislature shall authorize "any town or ward [having] less than the number of inhabitants necessary to entitle [it] to one representative" to send a representative "such proportionate part of the time as the number of its inhabitants shall bear to the requisite number established for one representative and without such authority no town or ward shall send a representative; *provided, however,* that each town and ward shall be entitled to representation in at least one session in every ten years." Const., Pt. II, *Art.* 11th. See Laws 1951, *c.* 247.

It is clear that the provisions of Articles 9th and 11th in their present form preclude legislative provision for representation of every town and ward at every session of the Legislature, which is the apparent purpose of Senate Bill No. 98.

Following the Constitutional Convention of 1948, a proposed amendment of Article 9th which would have provided for representation of each town and ward at each session failed of adoption by vote of the people. 31 N. H. Manual (1949) 621. Plainly, the Legislature may not by enactment of Senate Bill No. 98 effect a formula for representation which the people refused in 1948 to sanction by constitutional amendment.

The bill would not, as has been suggested by memorandum, establish a "bench mark" of fifteen hundred inhabitants for one representative. On the contrary, it would require no fixed number of inhabitants, because it would provide for representation of any town the inhabitants of which numbered fifteen hundred "or less." *S. 1. Cf.* Laws 1951, *c.* 247, *supra, s.* 3.

While directing that each town and ward shall be represented "in at least one session in every ten years," Article 11th leaves no ambiguity with respect to the question of whether each town and ward shall be entitled to representation at each session. It definitely provides that they shall not. If the number of inhabitants is less than the number necessary to entitle a town or ward to one representative, it is entitled to representation a

proportionate part of the time only, but never less than one session in every ten years. Dishman, "A New Constitution for New Hampshire?" (Governmental Series No. 6, Univ. of N. H., April 1956).

Although the first question is answered in the affirmative, your next inquiry would seem to be whether there is "any method by which the general court may so apportion the representatives so that each town and ward shall have at least one representative in each session." The answer to this question is "no." The authority of the Legislature is limited to that conferred by Article 11th, which specifically provides that without authority from the Legislature "no town or ward shall send a representative." The latter mandate is qualified by the proviso that each town and ward shall be entitled to "representation in at least one session in every ten years," but this confers no authority to provide for representation of each town and ward at each session.

Your third inquiry would seem to arise if the first question is answered in the negative, rather than in the affirmative as the third question literally provides. Section 3 of the bill provides that it shall take effect as law "for the election of representatives for the 1963 session of the general court." Your third question is whether the general court can "apportion the representatives at the present session or at the 1959 session." The question must be assumed to relate to a reapportionment such as is contemplated by Senate Bill No. 98. Const., Pt. II, *Art.* 74th; *Opinion of the Justices*, 98 N. H. 537. Since such a reapportionment may not constitutionally be made, it follows that the third question is answered in the negative.

In summary, it is our opinion that Senate Bill No. 98 would be unconstitutional if enacted, and that the Legislature may not constitutionally provide that each town and ward shall have at least one representative in each session, whether it undertakes to do so at this or any ensuing session.

FRANK R. KENISON,<br>
LAURENCE I. DUNCAN,<br>
AMOS N. BLANDIN, JR.,<br>
EDWARD J. LAMPRON,<br>
STEPHEN M. WHEELER.

May 23, 1957.

Elmer Munson Hunt of Salisbury, for the bill.